TOWN OF MIDDLETOWN *vs.* NEWPORT WATER CORPORATION.

TOWN OF JAMESTOWN *vs.* SAME.

CITY OF NEWPORT *vs.* SAME.

WILLIAM FRANKLIN *et al. vs.* SAME.

JUNE 30, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. The above cases are before us upon appeals, taken by complainants, seeking a review of a certain order entered by the Public Utilities Commission. The order in question was entered after a hearing of six consolidated cases involving the investigation of rates and regulations filed with the Commission by the Newport Water Corporation.

On March 30, 1931, the Town Council of Jamestown filed a complaint with the Public Utilities Commission against the Newport Water Corporation, alleging, *inter alia*, that the flat rates for water then in force in the Jamestown division, based upon the number of faucets and other fixtures, were excessive, unreasonable and inequitable, and praying that the Commission investigate and establish metered rates. The Commission gave notice that a hearing on this complaint would be held on December 3, 1931. The Newport Water Corporation then retained the engineer-

ing firm of Jenks & Ballou of Providence to make a survey and appraisal of its entire system supplying the towns of Jamestown and Middletown and the City of Newport.

Under date of August 13, 1931, Newport Water Corporation filed with the Public Utilities Commission a new schedule of rates and regulations (R. I. P. U. C., No. 15) applicable to its entire system, effective October 1, 1931.

On August 28, 1931, the Commission, conformably to statute, gave notice of its intention to investigate the proposed schedule, on its own motion, and ordered that the effective date of said schedule be postponed to January 1, 1932, pending a decision of the Commission.

Complaints against the proposed schedule were filed by the City of Newport, the Town of Jamestown, the Town of Middletown and William Franklin et al. Answers to the various complaints were filed by the Newport Water Corporation and all six cases, including the original complaint of the Town Council of Jamestown, were assigned to December 3, 1931, for a consolidated hearing before the Commission.

Hearings were conducted before the Commission from December 3, 1931, to February 15, 1932. The Commission by its report dated February 1, 1933, overruled the schedule filed by the Newport Water Corporation and directed the company to file on or before February 15, 1933, "a cancellation of its schedule of its rates and regulations filed with the Commission under date of August 13, 1931, together with a schedule of its rates and regulations to conform with the requirements of this order." Said order, which is contained in the report of the Commission, is its order No. 2453.

The Newport Water Corporation maintains two independent and distinct divisions. One of these, called "Newport Division", furnishes water for domestic use and fire protection to the City of Newport and a part of the adjoining Town of Middletown. The other division, called "Jamestown Division", furnishes a similar service to a part of the Town of Jamestown. There is no physical

connection between the two divisions; the water furnished Newport and Middletown is supplied by reservoirs on the island of Rhode Island, and the water for Jamestown is supplied by reservoirs on the island of Conanicut.

The scope of the investigation undertaken by the Public Utilities Commission involved the whole question of the justness and reasonableness of the rates and regulations of the Newport Water Corporation and required the determination of a rate base, the reasonable return which the company should receive, and the just and reasonable rates and regulations which the Newport Water Corporation should establish.

The matters to be investigated and determined, as shown by the complaints filed with the Public Utilities Commission and as shown in the grounds set forth in the different petitions on appeal, may be summarized as is done in the decision of the Public Utilities Commission under the following heads: (1) The justness and reasonableness of the rates determined upon by the Commission; (2) The justness and reasonableness of the regulations contained in the report of the Commission; (3) The adequacy and safety of the service to be rendered by the Newport Water Corporation as that service affects the public health and safety.

Expert testimony and other evidence was submitted by both the Water Corporation and by complainants, and the Commission made its own investigation. The Commission's very clear and comprehensive report, which covers sixty-eight printed pages, discloses that great care and conscientious consideration was given to every detail of the case. Nearly three hundred exhibits were introduced and the transcript covers 2,912 pages. Even the testimony submitted by the City of Newport shows that for a long time the City had been furnished water at a price considerably below cost. As to the regulations complained of, the appellants submitted no evidence to show that these regulations were unreasonable or improper.

The burden is upon the complainants, the appellants, to show that the finding of the Commission should be set aside. *Donham* v. *Public Service Commission*, 232 Mass. 309; *Detroit & M. Ry.* v. *Michigan Railroad Commission*, 171 Mich. 335; *Parker-Young Co.* v. *State*, 145 Atl. (N. H.) 786; *People* v. *Public Service Commission*, 200 App. Div. 268; *Petersburg, H. & C. P. Ry. Co.* v. *Commonwealth*, 146 S. E. (Va.) 292; *Town of Harrisville* v. *Public Service Commission*, 103 W. Va. 526.

The rule is stated in 51 C. J., p. 77, as follows: "In view of the presumption in their favor, and the quantum and character of the evidence required to overcome such presumption, orders and regulations made by a public utility commission are given great weight, on appeal therefrom, and should be set aside only when clearly unreasonable, illegal, or improper, and prejudicial to appellant, or in excess of the commission's authority. If the order is fairly and substantially supported by evidence, and does not infringe any constitutional right of the parties, the commission's determination is binding upon the court and cannot be disturbed." See also the recent case of *Los Angeles Gas & Elect. Corp.* v. *Railroad Comm.*, 53 Sup. Ct. Rep. 637.

After careful consideration of the case, we have arrived at the conclusion that the findings of the Commission are unquestionably supported by the evidence and that the order based on said findings is valid.

The order of the Public Utilities Commission appealed from is sustained and affirmed and the appeals therefrom are denied and dismissed.

*William MacLeod, Jeremiah A. Sullivan,* for City of Newport.

*Burdick, Corcoran & Peckham,* for Town of Middletown.

*Max Levy,* for Town of Jamestown.

*Marshall Swan, Charles E. Tilley, Frank H. Swan, Swan, Keeney & Smith,* for respondent.