MICHAEL F. BREEN, *d. b. a.,* BREEN'S TAXI *et al. vs.* DIVISION OF PUBLIC UTILITIES.

OCTOBER 25, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is an appeal from an order of the division of public utilities granting the application of one McCrystal, alleged to be a resident of Central Falls in this state, for permission to operate one taxicab from a stand on Dexter street in that city.

The appeal before us was taken under public laws 1930, chapter 1552, sec. 10, as amended by public laws 1935, chapters 2188, 2250, by several individuals and one corporation, all receiving notice of the hearing before the division, and all of Pawtucket, which adjoins Central Falls, the built-up sections of the two cities merging one with the other.   One of these individual appellants has a certificate to operate a taxicab from a stand in Central Falls.   None of the other appellants have such certificates, but all operate

taxicabs from stands in the city of Pawtucket. The basis of the appeal is that the order complained of is arbitrary, and that the evidence introduced at the hearing before the division did not support its finding that public convenience and necessity required the service applied for.

The question of whether or not any or all of the appellants herein are proper parties to this proceeding and can, under the circumstances shown, maintain an appeal to this court from the order in question of the division is not now raised, briefed or argued by anyone in the present case. We do not, therefore, pass upon or determine this question, but merely assume for the purposes of the instant case that the parties are correctly before us.

In *Abbott* v. *Public Utilities Comm.*, 48 R. I. 196, this court had occasion to discuss the meaning to be given the phrase "public convenience and necessity." An adequate consideration of that subject appears in the above case and a restatement of the matter is not now necessary. See also 3 Pond, Public Utilities, (4th ed.) § 784. In passing upon the question of whether or not public convenience and necessity exists in any given case, this court has held that: "Public service is the test in granting a certificate of convenience and necessity." *Mooney* v. *Tuckerman,* 50 R. I. 37, at page 41. In 3 Pond, *supra*, § 746, it is said that: "Protecting existing investments, however, from even wasteful competition must be treated as secondary to the first and most fundamental obligation of securing adequate service for the public, . . . ."

The evidence in the case at bar relating to the issue of public convenience and necessity is somewhat brief and is not as comprehensive as is ordinarily desirable. It does appear from said evidence, however, that when the present application was heard by the division, there was only one other certificate issued for a taxicab stand in the city of Central Falls. The evidence also showed that the taxicab located at this stand belonged to a man who operated stands in Pawtucket, and that the taxicab in Central Falls at times was required

to answer calls in Pawtucket, on such occasions leaving Central Falls without any taxicab service in that city. The area of Central Falls is not great, but it is rather densely populated. In it are located diversified industries and various business activities. The evidence revealed that the volume of business done from the existing taxicab stand in Central Falls was irregular and seasonal, at certain times being considerable. There was also testimony that, as Pawtucket and Central Falls were practically one community, the residents of Central Falls could obtain taxicab service from stands in Pawtucket.

This court has approved the rule generally adopted that orders made by a public utility commission are given great weight on appeal and should be set aside only when clearly unreasonable, illegal, or improper and prejudicial to the appellant, or in excess of the commission's authority. The burden to show that the finding of the commission should be set aside is upon the appellants. *Middletown* v. *Newport Water Corporation*, 53 R. I. 435; 3 Pond, *supra*, § 919.

Taking all the evidence in the instant case into consideration, we cannot say that it reveals that the order of the division was clearly unreasonable, illegal, improper, prejudicial, or in excess of the division's authority. The effect of this order was merely to provide persons in Central Falls with more convenient taxicab service, by permitting the applicant to operate one taxicab from a stand in that city in which it appeared that there was only one other stand, from which the taxicab was at times absent in Pawtucket.

We are of the opinion, therefore, that the appellants have not sustained the burden of proof imposed upon them by law.

The order of the division of public utilities is sustained and the appeal is denied and dismissed.

*Woolley & Blais, John F. Quinn,* for petitioner.

*John P. Hartigan,* Atty. Gen., *John E. Mullen,* Asst. Atty. Gen., for respondents.

*McKiernan, McElroy & Going, John C. Going, J. Howard McGrath,* of Providence, for Edward J. McCrystal.