TOWN OF CHARLESTOWN *vs.*

THOMAS A. KENNELLY, *Public Utility Adm'r.*

TOWN OF WESTERLY *vs.* SAME.

JANUARY 13, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. These are two appeals from an order of the public utility administrator, No. 6687, docket No. 544, which was entered April 7, 1952 pursuant to a prior order No. 6683, and permitted the Westerly Automatic Telephone Company to place into effect on April 10, 1952 certain revised telephone rates and charges under its tariff filing of March 31, 1952. The first appeal is that of the town of Charlestown, and the second that of the town of Westerly, which was joined in by the town of Richmond, all of which towns are located in Rhode Island. At the instance of the appellants and after hearing, the operation of the order appealed from was stayed by this court on April 30, 1952 pending the determination of the appeals on their merits.

It appears from the record that on May 28, 1951 the Westerly Automatic Telephone Company, hereinafter referred to as the company, filed with the public utility administrator a schedule of revised telephone rates and charges. This proposed schedule, which was filed under the provisions of general laws 1938, chapter 122, §45, as amended, was to become effective June 28, 1951. Such schedule contained increased rates and charges designed to provide additional revenue of approximately $146,000 annually. On June 12, 1951 the administrator on his own motion under the statute suspended the effective date of the aforementioned schedule and ordered public hearings thereon, which were held.

On October 11, 1951 the administrator took the case under advisement and permitted counsel to file written arguments. On March 28, 1952 he rendered a decision in which he found: (1) that the evidence clearly indicated that the company was entitled to receive some measure of rate relief; (2) that its rate base for rate-making purposes as of June 30, 1951 was $916,740; (3) that the Rhode Island portion of such rate base was $779,229; (4) that the company should be permitted to earn a 6 per cent rate of return on the rate base allocated for the use of Rhode Island subscribers, and that such a rate of return on the Rhode Island

portion of the company's rate base would amount to $46,753; and (5) that the company should be permitted to file a revised schedule of telephone rates and charges designed to produce increased net telephone earnings from Rhode Island subscribers in an amount not to exceed $46,753.

The administrator thereupon entered his order No. 6683. Under such order the original tariff filing made by the company on May 28, 1951 was denied and dismissed insofar as the company's request for relief to the extent of $146,000 was concerned, and the company was directed to submit to the administrator within thirty days from the date thereof a new schedule designed to produce annually from Rhode Island subscribers additional net telephone earnings in an amount not to exceed the sum of $46,753.

Pursuant to said order, from which no appeal was taken, the company on March 31, 1952 filed a schedule of revised rates and charges and at the request of the administrator furnished the working papers showing the details thereof. On April 7, 1952 he issued order No. 6687 as follows:

"Whereas the Public Utility Administrator of Rhode Island by Order Number 6683 issued under date of March 28, 1952, found that Westerly Automatic Telephone Company was entitled to revise its existing telephone tariff in a manner to provide net telephone earnings from Rhode Island subscribers in an amount not to exceed $46,753 annually, and

Whereas said Westerly Automatic Telephone Company in conformity with the Administrator's Order of March 28, 1952, did file a revised tariff on March 31, 1952, to increase net telephone earnings from Rhode Island subscribers in the amount indicated above and has supplied the Administrator with the working papers underlying the construction of said revised tariff, and

Whereas after examination of said working papers, the Administrator is of the opinion that the revised tariff as filed by said Westerly Automatic Telephone Company on March 31, 1952, conforms to the Administrator's Order of March 28, 1952, now, therefore, it is

(6687) Ordered: That Westerly Automatic Telephone Company be and the same is hereby permitted to place into effect on April 10, 1952, the revised telephone rates and charges for Rhode Island subscribers as contained in its tariff filing of March 31, 1952, and it is further

Ordered: That this Order shall become effective forthwith."

From this order appellants have prosecuted the instant appeals. The town of Charlestown has set out three reasons of appeal and the towns of Westerly and Richmond have assigned twenty-five such reasons. Many of these were neither briefed nor argued but all the appellants relied primarily upon two contentions, namely, that the filing by the company of the revised schedule on March 31, 1952 in effect is for all purposes a new filing and application for a change in rates and charges, thus requiring notice to the public and a new hearing thereon; and secondly, that the administrator's order No. 6687 under date of April 7, 1952 is erroneous in law and not supported by legal evidence.

Upon a careful examination of the record we cannot agree with either of these contentions. The appellants' argument in support thereof is apparently based upon the fact that in order No. 6683 the administrator employed language to the effect that the original tariff filing made by the company on May 28, 1951 was *denied and dismissed*. From these premises they reason that the revised schedule which the company submitted on March 31, 1952 pursuant to the administrator's order No. 6683 must be treated as a new filing under the statute requiring notice and hearing as therein provided.

In our opinion, appellants read the words "denied and dismissed" out of their context. It is clear from the decision as a whole and from the findings of the administrator, which preceded the order in question, that he concluded the company was not entitled to *all* the relief which it requested in its original filing of May 28, 1951, namely, $146,000 annually, but was entitled to receive an annual increase of $46,753. This amount was found by him upon evidence and after

extended hearings on the original filing. It is also clear that the administrator's use of the words "denied and dismissed" was not intended to be construed as applying to the whole proceeding. Obviously their use was intended only so far as they related to the amount of relief originally requested, that is, in the sum of $146,000, because thereafter *in the same order No. 6683* he found that the company was entitled to relief to the extent of $46,753 and ordered it to file within thirty days a revised schedule designed to produce said sum in conformity with his findings and decision.

The appellants' argument that he had delegated his rate-making power might have some force if the administrator had permitted the company to write and present its own revised schedule of tariffs so as to take effect without further action or approval by him. But this was not done. On the contrary he merely directed the company to submit *for his approval* a schedule of rates designed to effectuate his findings and to produce the additional revenue of $46,753 which he had found the company was entitled to. Such schedule did not become effective, nor was it intended to become effective, until the administrator had examined and approved it in the light of his own findings.

In the instant case the filing pursuant to order No. 6683 was not a new filing of a change in rates under G. L. 1938, chap. 122, §45, but was merely a submission to the administrator for his approval of a schedule of tariffs designed to effectuate the decision he had made *in the existing proceedings*. Thereafter when the administrator examined such schedule and entered order No. 6687 approving it he was only concluding the investigation started in the original tariff filing under docket No. 544. It is our judgment that the schedule of rates and charges in the original filing included increases in all the rates which appeared in the revised tariffs of the schedule finally approved by the administrator; that the rates thus fixed by him were all within the limits of the corresponding rates as filed and considered in the initial proposal; and that the order ap-

pealed from was made in a pending proceeding rather than in a new proceeding under the statute. It therefore required no new notice before the entry of the order carrying into effect the decision of the administrator. In directing the company to file for his approval a revised schedule of rates and charges in accordance with his decision, the administrator apparently followed the usual procedure in such cases.

We find no express statutory requirement that ordinarily the administrator, after reaching his decision, must hold a rehearing or a new hearing on every revised schedule that he orders the company to submit for his approval to carry out his decision before such schedule may become final and reviewable. However, where the amount of specific relief applied for is denied and alternative relief is granted in the one order, and a new schedule of revised rates is necessary to carry into effect the alternative relief and must be approved subsequently by the administrator in a second order, the better procedure would seem to suggest that before he enters his order of final approval of the new schedule he should give the objectors a reasonable opportunity to be heard on whether the rates and charges in such schedule are in conformity with the findings in the decision and first order. Especially is this so where objections might be directed to particular allocations of revised tariffs rather than to the aggregate amount of the relief granted.

However, we do not think that the fact that the appellants here were not given a chance to examine the new schedule of rates has resulted in any prejudice to them, since we find no merit in the objections which they now make to such schedule and which they would have made to the administrator had they been given an opportunity to object before him. This court has approved the rule generally adopted elsewhere that orders made by a public utility administrator should be given great weight on appeal and should be set aside only when clearly unreasonable, illegal, or improper and prejudicial to the appellants, or in excess of the administrator's authority. The burden of showing

that his findings should be set aside is upon the appellants. *Town of Middletown* v. *Newport Water Corp.,* 53 R. I. 435; *Breen* v. *Division of Public Utilities,* 59 R. I. 134. From our examination of the record we are of the opinion that appellants herein have not sustained the burden of proof imposed upon them by law.

The instant appeals are denied and dismissed, the order appealed from is affirmed, and the papers are ordered to be returned to the public utility administrator.

*Thomas H. Gardiner,* Town Solicitor, for Town of Charlestown.

*John M. Dunn,* for Towns of Westerly and Richmond.

*William E. Powers,* Atty. Gen., *Archie Smith,* Assistant Atty. Gen., for Public Utility Administrator.

*Francis J. O'Brien,* Special Counsel.

*John P. Cooney, Jr.,* for Westerly Automatic Telephone Co.