ARAM K. BERBERIAN *et al. vs.* PUBLIC UTILITY HEARING BOARD.

MARCH 28, 1955.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This proceeding was originated by a complaint filed under general laws 1938, chapter 122, §15, by twenty-five electors of this state against eight public transportation companies requesting that the public utility administrator order them, either jointly or severally, to publish a comprehensive route map of the areas which they respectively served. After a hearing the administrator entered an order denying the petitioners' request, whereupon they duly appealed to the public utility hearing board under public laws 1949, chap. 2174, sec. 32. After hearing the case *de novo* that board denied and dismissed the appeal and the case is before us on the petitioners' appeal from such decision.

A detailed statement of the evidence before the board is not necessary. It is sufficient to note that its decision rests on the testimony taken at the hearing before the administrator, which was made a part of the record, and on additional testimony from witnesses for both sides. The substance of petitioners' contention before the board was that patrons of the transportation companies in question would be greatly assisted if comprehensive route maps were available to them

and that, therefore, the publication of such maps was in the public interest. That contention was met by testimony to the effect that there was no widespread demand for comprehensive route maps; that because of changing conditions there was no real basis for preparing maps that would be up to date "except for a very short period of time"; and that provision for such maps would be unreasonably expensive. Upon consideration of the entire record the board decided that, according to the great preponderance of the evidence, the comprehensive route maps requested by petitioners "are not required by the traveling public, that they would be disproportionately expensive and would serve no useful purpose and the granting of the petition would not serve the public convenience or necessity."

It is a general rule, with which we agree, that the decision of a public utility hearing board or commission will not be disturbed on appeal unless it clearly appears that such decision is without or in excess of jurisdiction, or otherwise arbitrary, unreasonable or unjust. *Town of Middletown* v. *Newport Water Corp.*, 53 R. I. 435; *Breen* v. *Division of Public Utilities*, 59 R. I. 134; *Capaldo* v. *Public Utility Hearing Board*, 71 R. I. 245; *Town of Charlestown* v. *Kennelly*, 80 R. I. 148.

After due consideration of the record presently before us we cannot say that the decision of the public utility hearing board denying and dismissing the instant petition was clearly wrong or otherwise arbitrary or unreasonable. While the comprehensive route maps might serve some purpose, the other elements involved and the evidence do not show that they are required by the general traveling public. We have also examined the petitioners' claim of appeal with reference to certain evidentiary rulings and, bearing in mind the liberality with which the rules of evidence may be applied in the present type of proceeding, we find those reasons of appeal to be without merit.

The appeal is denied and dismissed, the decision and order

appealed from are affirmed, and the records in the case are ordered sent back to the respondent board.

*Robert B. Tanenbaum,* for petitioners.

*William E. Powers, Atty. Gen., Archie Smith, Ass't Atty. Gen.,* for State and respondent board.

*Walter F. Gibbons,* for United Transit Company.