ESTHER STONE *vs.* PUBLIC UTILITY HEARING BOARD.

OCTOBER 24, 1958.

PRESENT: Condon, C.J., Roberts, Andrews and Paolino, JJ.

ROBERTS, J.  This proceeding was commenced by a complaint filed with the public utility administrator under the provisions of general laws 1938, chapter 122, §15, now G. L. 1956, §39-4-3.  The complaint was made by the number of electors specified therein against the United Transit Company, a public utility corporation of this state, for the purpose of having the administrator enter an order requiring said company to establish and enforce certain proposed rules relating to the suppression of smoking by passengers riding in its vehicles.

After a hearing the complaint was dismissed by the administrator and under the provisions of G. L. 1956, §39-5-9, the complainants thereupon appealed to the public utility hearing board.  Such board denied and dismissed the complaint, and from that decision one of the complainants has appealed to this court under G. L. 1956, §39-5-14.

During the hearing before the board testimony was given by two of the complainants, by an officer of the company, and by a deputy public utility administrator.  In the testimony there was general agreement that there was some smoking by passengers on the company's buses.  There was also evidence relating to the measures taken by the company in its efforts to suppress such smoking.  In its decision following the hearing, the board found that there was some smoking on the company's buses and that the practice was "reprehensible and unlawful * * *."  The board denied complainants' prayer that the company be ordered to promulgate the rules proposed by complainants pri-

marily on the ground that "the Order requested by the Complainants * * * is both impractical and unreasonable."

Under our well-established rule this court will not disturb a decision of the public utility hearing board unless it clearly appears "that such decision is without or in excess of jurisdiction, or otherwise arbitrary, unreasonable or unjust." *Berberian* v. *Public Utility Hearing Board*, 83 R. I. 28, 30.

Considering the instant decision in the light of the rule thus stated and the evidence produced at the hearing, it is our opinion that the board was warranted in finding that the rules proposed by complainants for promulgation by the company were impractical and unreasonable. Therefore we cannot say that such decision was arbitrary, unreasonable, or unjust.

The complainant here contends, however, that under the act, when the board refuses to require the company to promulgate a rule asked for by a complainant, it becomes the duty of the board to formulate some rule of its own, in this case a rule designed to suppress smoking in buses which it found to exist and to be "reprehensible and unlawful * * *." We do not pass upon this contention that the statute should be so construed, because it is our opinion that implicit in the decision of the board in the instant case is a finding that measures now employed by the company for the suppression of smoking are reasonably adequate and effective. In such circumstance the refusal of the board to propose new rules was a reasonable exercise of its discretion.

The appeal is denied and dismissed, the order appealed from is affirmed, and the records in the case are ordered sent back to the respondent board.

*Aram K. Berberian,* for petitioner.

*William E. Powers,* Attorney General, *Edward F. Dwyer,* Assistant Attorney General, for State and respondent board.

*Walter F. Gibbons,* for United Transit Company.