AUGUSTO AMBROSINO *vs.* PUBLIC UTILITY HEARING BOARD.

OCTOBER 19, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an appeal from an order of the public utility hearing board dismissing the complaint of Augusto Ambrosino, the appellant herein, against Anthony Cotoia.

On March 7, 1960 the appellant filed a complaint with the public utility administrator alleging that Cotoia was a common carrier without a permit from the department of business regulation "engaged in drive away, tow away operations on publicly used highways over irregular routes

within the State of Rhode Island" and that such action by Cotoia was in violation of G. L. 1956, §39-12-1.

After a hearing before the public utility administrator an order was entered dismissing the complaint. Thereafter an appeal to the public utility hearing board was heard and dismissed. Subsequently an appeal was taken from the order of dismissal to this court on the grounds that the decision was against the evidence and the law.

It appeared in evidence that on February 29, 1960, at the request of Nunzio Pasquale who owns property next to the home of appellant, Cotoia towed to his service station a pick-up truck owned by appellant which was on Pasquale's property. That same evening appellant went to Cotoia's place of business and demanded the truck, but was refused unless he paid $5 for towing it to the station. The appellant declined to make payment and the truck remained where it was. Thereafter the instant complaint was filed with the public utility administrator.

The question which arises from the action of Cotoia in towing away the truck is: Was Cotoia required to have a certificate of operating authority from the department of business regulation for such purpose?

The essential fact, namely, that appellant's truck was towed over the highways by Cotoia without a permit from the department of business regulation, is undisputed. It also appeared without contradiction that Cotoia had been engaged in the automobile repair business since 1931; that he did not do towing in the line of his business; that he did not have a tow truck; and that he did not do tow work for compensation.

The terms "common carrier" and "contract carrier" as defined in G. L. 1956, §39-12-2, as amended by P. L. 1958, chap. 87, are as follows:

> "The term 'common carrier' as herein used means any person who or which undertakes, whether directly or by any other arrangements to transport property,

or any class or classes of property, by motor vehicle between points within this state, for the general public for compensation, over the publicly used highways of this state, whether over regular or irregular routes.

"The term 'contract carrier' as herein used means any person who or which engages in transportation by motor vehicle of property in intrastate commerce, for compensation (other than transportation referred to in the preceding paragraph), under continuing contracts with one person or an unlimited number of persons for the furnishing of transportation services of a special and individual nature required by the shipper and not generally provided by common carriers."

The hearing board on the uncontradicted evidence found that Cotoia was neither a common carrier by tow away method nor a contract carrier by tow away method within the intendment of the statute. In our opinion the hearing board could properly so find and its decision was neither arbitrary, unreasonable nor unjust. *Stone* v. *Public Utility Hearing Board,* 88 R. I. 211, 145 A.2d 204; *Berberian* v. *Public Utility Hearing Board,* 83 R. I. 28; *Town of Charlestown* v. *Kennelly,* 80 R. I. 148.

The appeal is denied and dismissed, the order appealed from is affirmed and the records in the case are ordered returned to the respondent board.

*Augusto Ambrosino,* pro se.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State and Respondent Board.